**Harold C. PIERCE, Plaintiff,**

v.

**BEN-KO-MATIC, INC., and Benjamin Koback, Defendants.**

Civ. No. 60-237.

United States District Court
D. Oregon.

Sept. 28, 1961.

William W. Haefliger, White & Haefliger, Los Angeles, Cal., Kenneth S. Klarquist, Buckhorn, Cheatham & Blore, Portland, Or., for plaintiff.

J. Pierre Kolisch, Ramsey, Kolisch & Hartwell, Portland, Or., for defendants.

SOLOMON, Chief Judge.

Plaintiff brought this action, asserting that the defendants are infringing Claim 4 (and other claims dependent upon the validity of Claim 4) of plaintiff's Patent 2,927,820 by manufacturing and selling street sweeper broom filling machines.

Defendants deny any infringement and claim plaintiff's patent is invalid.

Counsel have furnished me with a transcript of the testimony. I have read the testimony and have examined the exhibits. I have also carefully read all of the briefs and have examined the description of the patented machines, and have checked them against the testimony and the exhibits, and I am now of the opinion and I find that the plaintiff's patent is invalid for lack of invention.

The M-B machine, which was manufactured in New Holstein, Wisconsin, more than a full year prior to the date of the application of the patent in suit, shows every element called for in Claim 4 of plaintiff's patent and in a combination which operates in the same manner to produce the same result. The only claimed difference is an insignificant one —a matter of design choice—dealing with the use of a squeeze block to apply additional tension to a cable.

I appreciate defendants' heavy burden to establish prior public use or prior knowledge of the invention, particularly by oral testimony, Whiteman v. Mathews, 9 Cir., 1954, 216 F.2d 712, but I am satisfied that the testimony of both Dorn and Wettstein as to the date of the construction of the M-B machine

and its use meets this heavy burden and proves the date beyond a reasonable doubt and to a moral certainty.

Even without the M–B machine, I believe that the file wrapper references disclose that all of the elements of plaintiff's invention are old in the art and that when considered with Griscom, 2,035,881, and Scully, 2,105,334, the identical arrangement (except for a reversal in the movement of parts, which again was a matter of designer's choice and of no significance) was part of the prior art.

In addition, in view of the fact that none of the elements in the combination produced any new or surprising result, and in view of the fact that each element acted the way one would normally expect it to act, there can be no patentable invention.

Although I think there is considerable merit in the other defenses asserted by the defendants, namely, late claiming and lack of infringement, I shall not discuss any of those defenses because I think that the patent is so obviously invalid for the reasons above set forth.

Defendants' counsel shall submit findings of fact, conclusions of law, and a judgment in accordance with this opinion.